809 N.E.2d 103 (2004)
209 Ill.2d 543
283 Ill.Dec. 910
The PEOPLE of the State of Illinois, Appellant,
v.
Dennis TOWNSELL, Appellee.
No. 95725.
Supreme Court of Illinois.
April 15, 2004.
Lisa Madigan, Attorney General, Springfield, and Marshall E. Douglas, State's Attorney, Rock Island (Gary Feinerman, Solicitor General, Linda D. Woloshin and Mary Beth Burns, Assistant Attorneys General, Chicago, and Norbert J. Goetten, John X. Breslin and Gary F. Gnidovec, of the Office of the State's Attorneys Appellate Prosecutor, Ottawa, of counsel), for the People.
Robert J. Agostinelli, Deputy Defender, and Mark D. Fisher, Assistant Defender, of the Office of the State Appellate Defender, Ottawa, for appellee.
Justice THOMAS delivered the opinion of the court:
The issue presented is whether an Apprendi claim that is waived pursuant to a guilty plea may nevertheless be considered on appeal under the plain error exception to the waiver rule. We hold that it may not.

BACKGROUND
In exchange for the State seeking neither the death penalty nor a mandatory life sentence, defendant, Dennis Townsell, pleaded guilty to first degree murder (Ill. Rev.Stat.1991, ch. 38, par. 9-1(a)(1)). A sentencing hearing was held, and the circuit court of Rock Island County imposed an extended-term sentence of 100 years in prison. The extended-term sentence was based on the trial court's finding that defendant's offense was "accompanied by exceptionally brutal or heinous behavior indicative *104 of wanton cruelty" (Ill.Rev.Stat. 1991, ch. 38, par. 1005-5-3.2(b)(2)).
On appeal, the appellate court reduced defendant's sentence to 60 years, finding that the imposition of an extended term violated the United States Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). 336 Ill.App.3d 340, 270 Ill.Dec. 589, 783 N.E.2d 164. In so ruling, the appellate court initially acknowledged that, under this court's decision in People v. Jackson, 199 Ill.2d 286, 302, 263 Ill.Dec. 819, 769 N.E.2d 21 (2002), defendant's guilty plea waived any Apprendi-based claims. 336 Ill.App.3d at 343, 270 Ill.Dec. 589, 783 N.E.2d 164. The court then held, however, that an Apprendi violation is so significant as to constitute plain error, which is an exception to the waiver rule under Supreme Court Rule 615(a) (134 Ill.2d R. 615(a)). Consequently, the appellate court reached the merits of defendant's Apprendi claim, vacated his extended-term sentence, and imposed a non-extended term of 60 years in prison. 336 Ill.App.3d at 346, 270 Ill.Dec. 589, 783 N.E.2d 164.
We allowed the State's petition for leave to appeal. 177 Ill.2d R. 315(a).

ANALYSIS
It is well established that a voluntary guilty plea waives all non-jurisdictional errors or irregularities, including constitutional ones. People v. Peeples, 155 Ill.2d 422, 491, 186 Ill.Dec. 341, 616 N.E.2d 294 (1993). In People v. Jackson, 199 Ill.2d 286, 263 Ill.Dec. 819, 769 N.E.2d 21 (2002), this court was asked to decide whether the "errors or irregularities" waived by a guilty plea include Apprendi-based sentencing claims. In answering this question, Jackson began by acknowledging that, under Apprendi, "[e]very fact necessary to establish the range within which a defendant may be sentenced is an element of the crime and thus falls within the constitutional rights of a jury trial and proof beyond a reasonable doubt." Jackson, 199 Ill.2d at 296, 263 Ill.Dec. 819, 769 N.E.2d 21. Nevertheless, by pleading guilty, "a defendant waives exactly those rights." (Emphasis in original.) Jackson, 199 Ill.2d at 296, 263 Ill.Dec. 819, 769 N.E.2d 21. Indeed, "[a] knowing relinquishment of the right to a trial by jury is the sine qua non of a guilty plea." Jackson, 199 Ill.2d at 296, 263 Ill.Dec. 819, 769 N.E.2d 21. Jackson therefore concluded that "Apprendibased sentencing claims cannot be heard on appeal from a guilty plea." Jackson, 199 Ill.2d at 296, 263 Ill.Dec. 819, 769 N.E.2d 21.
In rejecting Jackson`s seemingly unequivocal holding, the appellate court expressedits discomfort with the fact that,under Jackson, a defendant can be deemed to have waived an Apprendi- based claim even though he entered his guilty plea long before Apprendi was decided. According to the appellate court:
"Townsell would prevail on his Apprendi claim if he had proceeded to trial rather than pleading guilty. He would prevail because extension of his sentence offended substantial constitutional rights. We cannot in good conscience reach a different result merely because he pled guilty. We realize that he relinquished the rights upon which Apprendi is based when he entered his plea. However, the dispositive nature of that relinquishment is questionable because the plea occurred long before Apprendi was decided. How can we say that Townsell really waived his right to a procedure that remained unprescribed for another decade?" 336 Ill.App.3d at 345-46, 270 Ill.Dec. 589, 783 N.E.2d 164.
For these reasons, the appellate court "opt[ed] to forgo the administrative convenience *105 of a waiver" and addressed defendant's Apprendi argument on the merits. 336 Ill.App.3d at 346, 270 Ill.Dec. 589, 783 N.E.2d 164.
The fatal flaw in the appellate court's analysis rests in the assumption that the procedures outlined in Apprendi "remained unprescribed" until Apprendi was decided in 2000. Nothing could be further from the truth. In Jackson, this court clearly explained that:

"Apprendi did not deal with novel constitutional rights. Rather, the Court was concerned with the applicability and reach of the well-established constitutional rights to a jury trial and proof beyond a reasonable doubt, rights which a guilty plea is specifically designed to waive." (Emphasis added.) Jackson, 199 Ill.2d at 302, 263 Ill.Dec. 819, 769 N.E.2d 21.
Similarly, in Hill v. Cowan, 202 Ill.2d 151, 269 Ill.Dec. 875, 781 N.E.2d 1065 (2002), this court specifically rejected "the complaint that a defendant did not `know' that he was waiving the right to have the State prove enhancing factors beyond a reasonable doubt, because by pleading guilty the defendant releases the State from proving anything beyond a reasonable doubt." (Emphasis in original.) Hill, 202 Ill.2d at 154, 269 Ill.Dec. 875, 781 N.E.2d 1065. Again, "[a] knowing relinquishment of the right to a trial by jury is the sine qua non of a guilty plea." Jackson, 199 Ill.2d at 296, 263 Ill.Dec. 819, 769 N.E.2d 21. Accordingly, "Apprendi-based sentencing objections cannot be heard on appeal from a guilty plea." Jackson, 199 Ill.2d at 296, 263 Ill.Dec. 819, 769 N.E.2d 21.
It is worth noting that, whatever the merits of its Apprendi analysis, the appellate court's invocation of Supreme Court Rule 615(a) is entirely out of place in this context. Rule 615(a) is concerned with waivers that result from failing to bring an error to the trial court's attention. Under that Rule, "[p]lain errors or defects affecting substantial rights may be noticed [on appeal] although they were not brought to the attention of the trial court." 134 Ill.2d R. 615(a). In relation to a guilty plea, by contrast, "waiver" refers to the "`voluntary relinquishment of a known right.'" Hill, 202 Ill.2d at 158-59, 269 Ill.Dec. 875, 781 N.E.2d 1065. Thus, in Jackson and Hill, the defendants' Apprendi claims were deemed waived not because the defendants failed to bring those claims to the trial court's attention but because the defendants voluntarily relinquished all of the constitutional rights upon which those claims are based. Hill, 202 Ill.2d at 158-59, 269 Ill.Dec. 875, 781 N.E.2d 1065. Significantly, Rule 615(a) in no way speaks to waivers of the Jackson and Hill variety i.e., voluntary relinquishments of known rights. As a result, the appellate court had no authority to "forgo the administrative convenience of waiver" and reach the merits of defendant's Apprendi claims, as "administrative convenience" has absolutely nothing to do with the waiver at issue in this case.
In sum, we meant precisely what we said in Jackson: "Apprendi-based sentencing objections cannot be heard on appeal from a guilty plea." Jackson, 199 Ill.2d at 296, 263 Ill.Dec. 819, 769 N.E.2d 21. Moreover, Rule 615(a) does not speak to waivers that result from the voluntary relinquishment of known rights, as in the case of a guilty plea. For both of these reasons, the appellate court erred in using Rule 615(a)'s plain error rule as a means of reaching defendant's Apprendi-based sentencing claims.

CONCLUSION
For the foregoing reasons, the judgment of the appellate court is reversed and the judgment of the circuit court is affirmed. *106 Appellate court judgment reversed; circuit court judgment affirmed.
Justice KILBRIDE, dissenting:
I cannot join the majority opinion for two reasons. First, as stated by the appellate court, defendant pleaded guilty to first degree murder, charged solely under section 9-1(a)(1) of the Criminal Code of 1961 (Ill.Rev.Stat.1991, ch. 38, par. 9-1(a)(1), now codified as 720 ILCS 5/9-1(a)(1) (West 2000)). Neither "brutal or heinous" behavior under section 5-5-3.2(b)(2) (Ill.Rev.Stat.1991, ch. 38, par. 1005-5-3.2(b)(2)) nor any other aggravating factor was alleged in the charging instrument or submitted to and proved to a jury beyond a reasonable doubt. Accordingly, defendant was only eligible for a 60-year term of imprisonment. See Ill. Rev.Stat.1991, ch. 38, par. 1005-8-1(a)(1)(a). I agree with the appellate court that section 5-5-3.2(b)(2) "essentially create[d] a new offense (brutal or heinous first degree murder) that [was] separate from, and more severe than, ordinary first degree murder." 336 Ill.App.3d at 346, 270 Ill.Dec. 589, 783 N.E.2d 164. But, defendant was not charged with "brutal and heinous" first degree murder. He was charged with simple first degree murder and he pleaded guilty only to that specific offense. In affirming defendant's extended-term sentence, the majority inexplicably sanctions the imposition of a penalty for an uncharged offense that was more severe than the offense that was actually charged. See Hill v. Cowan, 202 Ill.2d 151, 163, 269 Ill.Dec. 875, 781 N.E.2d 1065 (2002) (Kilbride, J., dissenting upon denial of rehearing).
Second, under Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435, 455 (2000), "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi applies retroactively to all cases that were still pending on direct review, as this one was, when the decision was issued. People v. Ford, 198 Ill.2d 68, 72-73, 260 Ill.Dec. 552, 761 N.E.2d 735 (2001). Therefore, for the reasons expressed in Chief Justice Harrison's dissent in People v. Jackson, 199 Ill.2d 286, 302-08, 263 Ill.Dec. 819, 769 N.E.2d 21 (2002) (Harrison, C.J., dissenting, joined by Kilbride, J.), the majority's assertion that defendant waived his right to challenge the extended-term portion of his sentence by pleading guilty is also flawed. In Illinois, a statute held unconstitutional is considered void ab initio. People v. Gersch, 135 Ill.2d 384, 399, 142 Ill.Dec. 767, 553 N.E.2d 281 (1990). It is as if the law never existed. Accordingly, there was no statutory authority for the extended-term portion of defendant's sentence. Jackson, 199 Ill.2d at 304, 263 Ill. Dec. 819, 769 N.E.2d 21 (Harrison, C.J., dissenting, joined by Kilbride, J.). That portion of his sentence is therefore void (Jackson, 199 Ill.2d at 304, 263 Ill.Dec. 819, 769 N.E.2d 21 (Harrison, C.J., dissenting, joined by Kilbride, J.)) and may be corrected at any time. People v. Arna, 168 Ill.2d 107, 113, 212 Ill.Dec. 963, 658 N.E.2d 445 (1995).
More specifically, to hold that a sentence is void because it is not authorized by statute under the facts of a case is no different, analytically, from holding that a sentence is void because it is unconstitutional as applied. In the former situation, we allow a defendant to challenge his sentence. See, e.g., People v. Williams, 179 Ill.2d 331, 333, 228 Ill.Dec. 176, 688 N.E.2d 1153 (1997) (challenge to a trial court's statutory authority to impose a particular sentence not waived when a defendant fails to withdraw his guilty plea and vacate the judgment). Justice, not to mention a consistent *107 body of precedent, dictates the same outcome in the situation at hand, where the sentence is invalid because it is unconstitutional as applied. Jackson, 199 Ill.2d at 306, 263 Ill.Dec. 819, 769 N.E.2d 21 (Harrison, C.J., dissenting, joined by Kilbride, J.). Accordingly, despite the majority's conclusion in Jackson, defendant's plea of guilty should not have resulted in a waiver of his right to have his sentence vacated based on Apprendi.
Under these circumstances and for the foregoing reasons, I would hold that defendant's challenge to his extended-term sentence was not barred by his decision to plead guilty. Accordingly, I would affirm the judgment of the appellate court, vacating the extended-term portion of defendant's sentence and modifying his sentence to 60 years. I, therefore, respectfully dissent.