NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 180344-U

NO. 4-18-0344

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 21, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Vermilion County |
| RANDY WILLIAMS, | ) | No. 12CF136 |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Derek J. Girton, |
| | ) | Judge Presiding. |

_____

JUSTICE HOLDER WHITE delivered the judgment of the court.
Justices Knecht and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We grant the Office of the State Appellate Defender's motion to withdraw as appellate counsel and affirm the circuit court's dismissal of defendant's successive postconviction petition where defendant failed to meet the cause-and-prejudice test.

¶ 2    This case comes to us on the motion of the Office of the State Appellate Defender (OSAD) to withdraw as appellate counsel on the ground no meritorious issues can be raised in this case. For the reasons that follow, we grant OSAD's motion to withdraw and affirm the circuit court's judgment.

¶ 3                               I. BACKGROUND

¶ 4                               A. Guilty Plea

¶ 5        On August 9, 2013, defendant, Randy Williams, pleaded guilty to one count of aggravated driving under the influence (DUI) resulting in a fatality (625 ILCS 5/11-501(d)(1)(F) (West 2010)). In exchange for his plea, the State agreed to recommend a sentencing cap of 10 years' incarceration and to dismiss other charges against defendant. The State presented the following factual basis:

> "If this were to go to trial, the State would call from the Vermilion County Sheriff's Department, Sergeant Billie Hurt. November 19, 2011, approximately 6:23 p.m., he responded to Mill Road and County Road 1800 East referencing an accident involving a fatality. He was soon advised there was a Gerald Moreman who was the deceased in a vehicle, and was in the accident with the Defendant. The Defendant had in his vehicle a Danielle Davis, along with children. The Defendant and his occupants were taken to the hospital. Eventually, Sergeant Hurt spoke to Danielle Davis, who stated that the Defendant was driving and that she was in the car. She doesn't know what happened. The next thing she remembers they were upside down. She was taken to the hospital. The Defendant's blood and urine was taken. It was sent away to the crime lab and also taken from the hospital. The results from the crime lab, the scientist, Kathy Anderson, would testify there was cocaine and THC in his system. I believe also results from Carle Hospital noted some prescription medication. The deceased died from blunt trauma as a result of the vehicle crash."

Defendant agreed to the factual basis, and the court accepted defendant's plea. Defendant was sentenced to 10 years' imprisonment with a 2-year period of mandatory supervised release (MSR).

¶ 6                                  B. Direct Appeal

¶ 7        On September 16, 2013, defendant filed a notice of appeal. This court granted

defendant's agreed motion for summary remand with directions "that the defendant be given

proper admonishments pursuant to [Illinois] Supreme Court Rule 605(c) [(eff. Oct. 1, 2001)] so

that it can be clear that he must file a post-plea motion in compliance with [Illinois] Supreme

Court Rule 604(d) [(eff. Feb. 6, 2013)])." *People v. Williams*, No. 4-13-0789 (Jan. 3, 2014)

(agreed order for summary remand). No further direct appeal was taken.

¶ 8                           C. First Postconviction Petition

¶ 9        On March 13, 2015, defendant filed a *pro se* postconviction petition. Defendant

alleged his trial counsel was ineffective because counsel failed to (1) inform defendant of his

right to deny the allegations, (2) inform defendant his guilty plea could be used against him in a

civil proceeding, (3) present mitigating evidence about his psychiatric state at sentencing, and

(4) present character witnesses at sentencing. Defendant also alleged the circuit court failed to

adequately admonish him as to his two-year term of MSR. The circuit court summarily

dismissed defendant's petition as frivolous and patently without merit. On appeal, this court

affirmed the dismissal of defendant's postconviction petition but vacated erroneously imposed

fines. *People v. Williams*, 2017 IL App (4th) 150405-U.

¶ 10       On July 13, 2015, while his appeal of the dismissal of his first postconviction

petition was pending, defendant filed a pleading titled " 'First Amended Portion' of 'Post

Coniction [*sic*] Relief.' " In his amended petition, defendant incorporated his original petition

and added claims of disproportionate sentencing and equal protection violations by the circuit

court. In addition, defendant made a claim of actual innocence, contending the toxicology report

showed the substances were metabolized and therefore not a factor in the accident. The circuit

court took no action on defendant's first amended postconviction petition, citing lack of jurisdiction where defendant's original petition was on appeal.

¶ 11                               D. Petition for Relief from Judgment

¶ 12        On January 25, 2016, defendant filed a petition for relief from judgment pursuant to the Illinois Code of Civil Procedure (735 ILCS 5/2-1401 (West 2014)), alleging his mittimus cited the incorrect offense. The circuit court agreed and amended the mittimus.

¶ 13                               E. Second Postconviction Petition

¶ 14        On January 25, 2018, defendant filed the instant postconviction petition. Defendant first cited the First District's decision in *People v. Eubanks*, 2017 IL App (1st) 142837, 124 N.E.3d 977, which held the statute permitting warrantless, nonconsensual blood and urine tests in specific circumstances facially unconstitutional. Defendant stated that, in his case, no warrant was issued and he did not sign a consent form. Defendant then argued the State failed to meet its burden to prove prescribed medication and treatment did not affect the accuracy of the blood test, concluding all original charges were void. In support of his argument, defendant attached a newspaper article discussing the *Eubanks* decision and a copy of the opinion.

¶ 15        Defendant next asserted the blood test was erroneously admitted, as the State failed to establish the necessary foundation to establish the accuracy of the blood test. Defendant argued the State failed to prove "prescribed treatment or medication" did not affect the accuracy of the blood test. Defendant stated blood or urine tests done while he was at the hospital only showed cannabinoids and opiates in his system and he was given 13 different medications several hours prior to the blood test requested by the sheriff's department. He asserted he tested positive for a cocaine metabolite after he was given the 13 medications and no cocaine metabolite was found in his urine. Defendant also stated the cannabinoid in his system was

- 4 -

synthetic cannabis purchased legally from a gas station. In addition, defendant argued his prescription medication was never brought to the attention of the court. Defendant contended his due process rights were violated and the State's Attorney and his defense counsel prejudiced him when the State failed to prove prescribed medication and treatment did not affect the accuracy of defendant's tests. In support of his arguments, defendant attached an excerpt of the deposition of Sergeant Seth Moody from a related civil case, the Vermilion County Sheriff's Department Investigative Report from Sergeant Moody, the investigative report detailing defendant's blood and urine test results, the related laboratory reports, and medical records from defendant's hospital treatment.

¶ 16        Defendant next argued he never consented to blood and urine testing, reiterating his claim under *Eubanks*. Defendant stated there were no witnesses to disprove his claim he did not give consent and argued he could not have given consent considering his brain injury and the various medications given to him. In support of his arguments, defendant attached a portion of Sergeant Moody's deposition and an affidavit averring defendant did not sign any type of consent form.

¶ 17        Defendant next argued defense counsel was deficient by failing to file a motion to dismiss the charges against defendant after learning the State failed to meet its burden to prove the prescribed treatment or medication did not affect the accuracy of his blood and urine tests.

¶ 18        Defendant next claimed the circuit court erred by accepting his guilty plea without an affirmative showing the plea was voluntary and intelligent. Defendant asserted the circuit court should have conducted a competency hearing and defendant had a history of mental illness, drug problems, and head trauma. In support of his argument, defendant attached a compilation of various inmate medical reports.

¶ 19        Finally, defendant claimed he received ineffective assistance of counsel in that defense counsel (1) did not hold the State to its burden to prove the accuracy of his blood tests and (2) did not investigate whether the nurse violated hospital policy by giving Sergeant Moody his blood and urine samples. Defendant asserted defense counsel's performance called into question the voluntary and intelligent nature of his guilty plea.

¶ 20        On April 6, 2018, the circuit court treated defendant's petition as a successive postconviction petition filed without leave of the court. The court reviewed the petition and found it did not raise any issue that would not have been known to defendant at the time of his initial postconviction petition. The court dismissed defendant's petition as "late filed and frivolous."

¶ 21        On April 20, 2018, defendant filed a motion to reconsider the dismissal of his successive postconviction petition. The circuit court denied the motion to reconsider.

¶ 22        On May 14, 2018, defendant appealed the circuit court's summary dismissal of his successive postconviction petition. On May 16, 2018, this court appointed OSAD to represent defendant. In February 2020, OSAD filed a motion to withdraw, alleging no meritorious issue could be raised on defendant's behalf. The record shows service on defendant. On its own motion, this court granted defendant leave to file additional points and authorities by April 3, 2020, but defendant has not done so. After examining the record, we grant OSAD's motion and affirm the circuit court's summary dismissal of defendant's successive postconviction petition.

¶ 23                                II. ANALYSIS

¶ 24        OSAD contends any argument suggesting the circuit court erred by denying defendant's motion for leave to file a successive postconviction petition would be without merit.

¶ 25                            A. Standard of Review

¶ 26    The Act contemplates the filing of only one postconviction petition. *People v. Pitsonbarger*, 205 Ill. 2d 444, 456, 793 N.E.2d 609, 619 (2002). Issues decided on direct appeal or in earlier postconviction proceedings are barred from successive petitions by the doctrine of *res judicata*. *People v. Blair*, 215 Ill. 2d 427, 443, 831 N.E.2d 604, 615 (2005). Further, any claim of substantial denial of constitutional rights not raised in the original or amended petition is forfeited. 725 ILCS 5/122-3 (West 2016); see *People v. Davis*, 2014 IL 115595, ¶ 13, 6 N.E.3d 709. Thus, a defendant may not pursue a successive petition under the Act unless he obtains leave of the court. 725 ILCS 5/122-1(f) (West 2016).

¶ 27    To obtain leave to file a successive postconviction petition, a defendant must (1) show cause and prejudice for the failure to raise a claim in his or her earlier petition or (2) set forth a colorable claim of actual innocence. *People v. Edwards*, 2012 IL 111711, ¶¶ 22, 24, 969 N.E.2d 829; see also 725 ILCS 5/122-1(f) (West 2016) (setting forth the cause-and-prejudice test). "Cause" is established when the defendant shows some objective factor impeded his ability to raise the claim in the original postconviction proceedings. *People v. Tenner*, 206 Ill. 2d 381, 393, 794 N.E.2d 238, 246 (2002). "Prejudice" is established when the defendant shows the claimed error so infected the plea proceedings that the resulting conviction violated due process. See *id.* We review *de novo* the circuit court's denial of defendant's motion for leave to file a successive petition for postconviction relief. *People v. Green*, 2012 IL App (4th) 101034, ¶ 30, 970 N.E.2d 101.

¶ 28                    B. Constitutionality of Blood and Urine Tests

¶ 29    In his proposed successive petition, defendant asserted the blood and urine tests were unconstitutional based on the decision in *Eubanks*, 2017 IL App (1st) 142837. OSAD

contends that, although defendant can arguably establish cause where *Eubanks* was decided after defendant's prior postconviction petition, defendant cannot establish prejudice.

¶ 30 In *Eubanks*, the defendant was identified as the driver in a fatal hit-and-run accident. *Id.* ¶ 1. The defendant was held in custody for several hours before being transported to a hospital, where he was told he was required to submit to blood and urine tests. *Id.* ¶¶ 7, 69. The defendant refused to provide samples. *Id.* ¶ 67. Ultimately, samples were collected after a "nurse threatened to catheterize him." *Id.* ¶ 7. The defendant's urine tested positive for cannabis, ecstasy, and cocaine metabolite. *Id.* On appeal, the First District held "under [*Missouri v. McNeely*, 569 U.S. 141 (2013)], section 11-501.2(c)(2) [(625 ILCS 5/11-501.2(c)(2) (West 2010))] is unconstitutional on its face, insofar as it permits compelled chemical testing without a warrant in all cases where an officer has probable cause to believe that a driver under the influence has caused death or personal injury to another." *Eubanks*, 2017 IL App (1st) 142837, ¶ 66. The court recognized that "some such cases will involve exigencies, but when such cases arise, the State can and should prove the existence of an exigency on a case-by-case basis rather than relying upon the 'considerable overgeneralization' [citation] engendered by the current statute." *Id.* The court noted that the factual record in *Eubanks* "d[id] not reflect any exigency that would have prevented officers from obtaining a warrant" during the several hours the defendant was in custody before the blood and urine samples were collected. *Id.* ¶ 67.

¶ 31 Since defendant filed his successive postconviction petition, our supreme court has decided *People v. Eubanks*, 2019 IL 123525. The supreme court reversed the appellate court in part, holding section 11-501.2(c)(2) is not facially unconstitutional, as "the statute sets forth a scenario in which warrantless testing will almost always be constitutional," and therefore the statute "is *valid* in *almost all* its applications." (Emphasis in original.) *Id.* ¶ 59. The supreme

court did determine, however, that the statute was unconstitutional as applied to the defendant, as the police could have attempted to get a warrant without significantly increasing the delay and no sufficient exigent circumstances existed. *Id.* ¶ 68.

¶ 32    Based on our supreme court's decision in *Eubanks*, defendant cannot show cause for a facial constitutional challenge to his blood and urine tests. However, defendant may arguably be able to use *Eubanks* to show cause to present an as-applied challenge.

¶ 33    However, as OSAD notes, defendant pleaded guilty to one count of aggravated DUI, and "[i]t is well established that a voluntary guilty plea waives all non-jurisdictional errors or irregularities, including constitutional ones." *People v. Townsell*, 209 Ill. 2d 543, 545, 809 N.E.2d 103, 104 (2004). Accordingly, defendant's claims as to the admissibility of the blood and urine tests are waived.

¶ 34    Even if we were to conclude defendant was not bound by his waiver, we find defendant cannot show prejudice. Defendant submitted with his proposed petition an affidavit claiming he never signed a consent form to consent to blood and urine testing. However, the Vermilion County Sheriff's Department Investigative Report, which defendant attached to his proposed petition, indicated defendant gave oral consent to the blood and urine tests. While defendant asserts in his affidavit that he did not sign a written consent, he does not dispute that he provided oral consent.

¶ 35    Finally, even if we were to ignore defendant's consent to testing, defendant's case is factually distinguishable from *Eubanks*. The court in *Eubanks* found there existed no exigent circumstances to justify a warrantless search given the extended delay before officers took the defendant to the hospital and had him tested. *Eubanks*, 2019 IL 123525, ¶ 68. In this case, there was no such delay. In the sheriff's report, Sergeant Moody indicated he spoke with defendant

while defendant was being medically treated and, due to the death of Moremand, requested defendant submit blood and urine samples. Sergeant Moody indicated the roadway at the accident scene was dry and the weather was clear, though the area was dark and unlit. As such, unlike in *Eubanks*, the officers did not clearly lack probable cause to believe "that a motor vehicle driven by or in actual physical control of a person under the influence of alcohol, other *** drugs, or intoxicating *** compounds, or any combination thereof ha[d] caused the death or personal injury to another" (see 625 ILCS 5/11-501.2(c)(2) (West 2010)), and there was not a clearly apparent lack of exigent circumstances.

¶ 36    In sum, defendant fails to demonstrate cause and prejudice for his failure to bring this claim in his initial petition. Accordingly, we conclude the circuit court correctly dismissed defendant's motion to file a successive postconviction petition.

¶ 37                    C. Defendant's Remaining Claims

¶ 38    Defendant made several additional claims in his petition. OSAD contends no colorable argument can be made that any of defendant's remaining claims satisfy the cause-and-prejudice test.

¶ 39                    1. *Admission of the Blood and Urine Tests*

¶ 40    Defendant asserted the blood and urine tests were erroneously admitted where the State failed to prove medication and medical treatment provided to defendant did not affect the accuracy of the tests. Defendant alleges other medications provided during his treatment could have resulted in false positives.

¶ 41    Defendant fails to identify any objective factor which prevented him from raising this claim in his initial petition, and we see none in the record. See *Tenner*, 206 Ill. 2d at 393. Defendant failed to attach new information calling into question the results of the test, results he

- 10 -

stipulated to in the factual basis before pleading guilty. Prior to filing his initial postconviction petition, defendant had full access to the investigative report, laboratory reports, and medical records. Thus, having known all the facts necessary to raise this claim prior to the filing of his initial petition, defendant cannot establish cause for his failure to raise it in his initial petition. See *People v. Williams*, 394 Ill. App. 3d 236, 246, 914 N.E.2d 641, 650-51 (2009) (holding the defendant could not show cause for his failure to include his claim in his initial postconviction petition where he was aware of the claim and supporting facts prior to his initial petition). Accordingly, we conclude the circuit court correctly found defendant failed to demonstrate cause for his failure to bring this claim in his initial petition.

¶ 42                                    2. *Ineffective Assistance of Counsel*

¶ 43        Defendant's proposed successive petition also claimed counsel was ineffective where he failed to file a motion to dismiss once he realized the tests were erroneously admitted and for failing to hold the State to its burden of proof on the accuracy of the tests.

¶ 44        Again, defendant's petition failed to present any objective factor which prevented him from raising this claim in his initial petition. See *Tenner*, 206 Ill. 2d at 393. We see nothing in the record which could have prevented defendant from raising this claim in his initial petition. As discussed in defendant's prior claim, defendant had full access to the relevant records prior to filing his initial postconviction petition. As counsel's actions related to that claim also took place prior to defendant filing his initial petition, defendant was aware of all the facts necessary to raise this claim prior to the filing of his initial petition and, therefore, cannot establish cause for his failure to do so. See *Williams*, 394 Ill. App. 3d at 246. Accordingly, we conclude the circuit court correctly found defendant failed to demonstrate cause for his failure to bring this claim in his initial petition.

¶ 45                              3. *Intelligent and Voluntary Plea*

¶ 46        Defendant's proposed petition additionally argued the circuit court erred by accepting his guilty plea without a showing the plea was intelligent and voluntary. Defendant contends the court failed to hold a competency hearing despite defendant's history of mental illness, drug abuse, and head trauma.

¶ 47        Again, defendant's petition failed to present any objective factor which prevented him from raising this claim in his initial petition. See *Tenner*, 206 Ill. 2d at 393. We see nothing in the record which could have prevented defendant from raising this claim in his initial petition. In addition, defendant failed to include attachments establishing his mental impairment at the time of his guilty plea. Accordingly, we conclude the circuit court correctly found defendant failed to demonstrate cause for his failure to bring this claim in his initial petition.

¶ 48        Based on the foregoing, we conclude no colorable argument can be made that the circuit court erred by denying defendant leave to file his successive postconviction petition.

¶ 49                              III. CONCLUSION

¶ 50        For the reasons stated, we grant OSAD's motion to withdraw and affirm the circuit court's judgment.

¶ 51        Affirmed.