NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 200217-U

NO. 4-20-0217

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 12, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| BERENICE SANTILLAN, | ) | No. 19CF255 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Justices DeArmond and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed, concluding the trial court did not err in sentencing
defendant to four years' imprisonment where defendant entered a plea of guilty to
aggravated driving under the influence.

¶ 2    In November 2019, defendant, Berenice Santillan, pleaded guilty to two counts of

aggravated driving under the influence (DUI), a Class 2 felony (625 ILCS 5/11-501(a)(2),

(d)(2)(B) (West 2018)) (counts I and II); driving while license revoked, a Class 4 felony (625

ILCS 5/6-303(a) (West 2018)) (count III); unlawful possession of a controlled substance, a Class

4 felony (720 ILCS 570/402(c) (West 2018)) (count IV); and resisting a peace officer, a Class A

misdemeanor (720 ILCS 5/31-1(a) (West 2018)) (count V).  In March 2020, the trial court

merged count I into count II.  The court sentenced defendant to concurrent sentences—four

years' imprisonment on count II, three years' imprisonment on count III, and three years'

imprisonment on count IV.  The court also entered judgment on count V.

¶ 3        Defendant appeals, arguing the trial court committed plain error and violated her right to due process when it imposed an unauthorized sentence of four years' imprisonment for aggravated DUI upon evidence supporting only a misdemeanor offense. We affirm.

¶ 4                                    I. BACKGROUND

¶ 5        In September 2019, the State charged defendant with two counts of aggravated DUI, a Class 2 felony (625 ILCS 5/11-501(a)(2), (d)(2)(B) (West 2018)) (counts I and II), alleging "defendant, having previously violated section 11-501 of the Illinois Vehicle Code [(Code)] or a similar provision on at least two prior occasions, drove a motor [vehicle], on a highway in Livingston County, Illinois, while the defendant was under the influence of alcohol"; driving while license revoked, a Class 4 felony (625 ILCS 5/6-303(a) (West 2018)) (count III); unlawful possession of a controlled substance, a Class 4 felony (720 ILCS 570/402(c) (West 2018)) (count IV); and resisting a peace officer, a Class A misdemeanor (720 ILCS 5/31-1(a) (West 2018)) (count V).

¶ 6        At a November 2019 hearing, defense counsel informed the trial court defendant intended to plead guilty to all the charges. Subsequently, the court advised defendant of the charges against her and explained the minimum and maximum penalties defendant faced on each charge. Defendant acknowledged she understood the charges against her and denied the State made any promises or agreements in exchange for her guilty plea. When entering her guilty plea, defendant confirmed she was giving up, in addition to other rights, (1) her right to plead not guilty, (2) the right to a trial by judge or jury, and (3) her right to require the State to prove the charges against her beyond a reasonable doubt.

¶ 7 The State provided a factual basis, representing that if the case were to proceed to trial, police officers would testify to the events that occurred on September 13, 2019. Specifically,

> "The State would call representatives from the Livingston County Sheriff's Police who would testify and identify the [d]efendant in open court as that same individual who having previously violated the DUI statute under the [Code] on at least two prior occasions did operate a motor vehicle at a time, on a highway in Livingston County at a time when she was under the influence as well as under the combined influence of alcohol, other drug or drugs or intoxicating compounds to a degree that rendered her incapable of safely driving."

Officers observed defendant exhibit signs of impairment, and a blood test showed defendant had a blood alcohol concentration of 0.156. Further, defendant drove on a revoked license and possessed Clonazepam, a Schedule IV controlled substance. Defendant also resisted arrest where she "pulled away from and struggled with Deputy Netter."

¶ 8 Defendant pleaded guilty to all counts as charged. The trial court accepted the guilty plea, finding defendant "knowingly and voluntarily pled guilty to the charges." The court ordered the preparation of a presentence investigation report (PSI).

¶ 9 In January 2020, a PSI was filed with the trial court. In relevant part, the PSI indicated that in March 2017 defendant was convicted of DUI in Franklin County case No. 16-CF-358, a Class A misdemeanor. The PSI also showed a pending Class 4 felony aggravated DUI charge in Franklin County case No. 18-CF-619. Defendant acknowledged that when she

committed the offenses in this case, she suffered from a drinking problem and was on a waiting list for inpatient treatment at Gateway Foundation.

¶ 10        At the initial sentencing hearing the State sought a continuance.  The prosecutor informed the trial court, "this is the [d]efendant's third violation of DUI" and went on to explain, "I think in regard to case law the State would still, despite her having pled guilty to this Class 2 felony, have to prove up that second DUI from Franklin County which remains pending." Specifically, "[t]he State would need time to present testimony regarding that 2018 DUI from Franklin County."  Defense counsel objected to continuing the sentencing hearing, but the trial court found the State should have an opportunity to present evidence and granted the State's motion.  The State suggested "an hour should be set aside to resolve that DUI from Franklin County," plus another half hour for sentencing.

¶ 11        Subsequently, the State filed a supplemental disclosure to the accused.  The disclosure provided "27 Pages [from] Franklin County Case [No.] 18-CF-619."

¶ 12        At a March 2020 sentencing hearing, the State recommended five years' imprisonment in the Illinois Department of Corrections on the aggravated DUI charges. Specifically, the State argued,

> "She has several prior driving offenses.  The driving under the
> influence of alcohol which she was on probation for, and she also
> does have several pending cases as well including another
> aggravated DUI, several driving revoked, on revoked license cases,
> and endangering the life of a child in other counties as well which
> does [*sic*] we believe indicate the [d]efendant is not likely to
> comply here with a period of probation."

¶ 13    In making his sentencing recommendation, defense counsel noted defendant had been in jail for the last six months and urged the court to sentence defendant to probation and 180 days in jail with credit for time served.  Defense counsel also pointed out defendant's minimal criminal history, her substance abuse issues, and her family situation.  Defendant made a statement in allocution apologizing to the trial court, the community, and her loved ones.

¶ 14    The trial court entered judgments of conviction on counts II, III, IV, and V, and found count I merged with count II.  In imposing sentence, the court considered "the information set forth in the presentence investigation report, the financial impact of incarceration, the evidence that was offered here today in aggravation and mitigation as well as the aggravating and mitigating factors that are set forth in the statute, substance[-]abuse treatment, sentencing alternatives, and your statement in allocution."  The court also considered defendant's rehabilitative potential.

¶ 15    The court stated,

> "I think the nature and the circumstances of the offense are particularly, I want to say egregious.  But I guess I don't mean it quite that strong.  So the nature and circumstances of the offense are concerns.  Thankfully, and I think I appreciate that you have recognized this as well, nobody was killed or hurt."

¶ 16    The court found deterrence to be a strong factor in this case.  The court also found defendant's prior record to be a factor in aggravation where defendant was "on probation for the same offense at the time that this offense was committed."  While the court believed defendant was remorseful, it stated,

"I cannot say that I believe you are likely to comply with a term of probation because you were on probation at the time that this was committed, and you were not able to successfully complete that. And I really, while I believe that you are sincere in your statement in allocution, I can't say that those words alone are enough to indicate that you are unlikely to do this again because as I said, you know, now at some point you're going to be released from custody; and that's when the real test will begin. And based upon your history, which is the best fact we have to determine what you are going to do in the future, you're not in that position."

¶ 17 The court determined "the aggravating factors greatly outweigh the mitigating factors in this case. And because of that, I do believe that a term of probation would deprecate the serious nature of the charges and be inconsistent with the ends of justice." The court found count I merged into count II and sentenced defendant to the Illinois Department of Corrections for four years on count II, three years on count III, and three years on count IV. All sentences were ordered to run concurrent to each other. The court also entered judgment on count V. Finally, the court ordered that after serving her prison sentence, defendant would serve the statutorily required mandatory supervised release period.

¶ 18 In April 2020, defendant filed a motion to reconsider her sentence. Defendant asserted (1) the trial court failed to consider all mitigating factors and imposed an unduly harsh sentence, (2) the sentence was an abuse of discretion and was "excessive in consideration of all factors before the [c]ourt," and (3) the court failed to follow the constitutional mandate of

restoring an offender to useful citizenship. Following a May 2020 hearing, the court denied the motion to reconsider. The court stated,

> "I do recognize there are mitigating factors in this case, but there are also aggravating factors. I believe I weighed all of the factors appropriately and carefully at the initial sentencing hearing, and in this case the aggravating factors do outweigh the mitigating factors. The sentence is well within the range prescribed by statute. I think the sentence is appropriate so the motion to reconsider is denied."

¶ 19　　　　This appeal followed.

¶ 20　　　　　　　　　　　　　　II. ANALYSIS

¶ 21　　　　On appeal, defendant argues the trial court committed plain error and violated her right to due process when it imposed an unauthorized sentence of four years' imprisonment for aggravated DUI upon evidence supporting only a misdemeanor offense. The State argues defendant waived this issue on appeal where she pleaded guilty to aggravated DUI. We agree with the State.

¶ 22　　　　Initially, we call attention to the manner in which defendant frames the issue before us. Here, defendant criticizes the trial court for violating defendant's right to due process when it imposed an unauthorized sentence of four years' imprisonment upon evidence supporting only a misdemeanor offense.

¶ 23　　　　The procedural posture under which the issue before us in this matter arises is significant. Importantly, defendant entered a plea of guilty to aggravated DUI. The aggravated DUI counts were charged as Class 2 felonies where defendant, on at least two prior occasions,

violated the statutory prohibition against DUI. Given defendant entered a plea of guilty to the charges in this case, the question before us is whether the State was required to prove, at sentencing, the pending DUI charge admitted to by defendant during the plea and used to elevate her misdemeanor DUI charges to Class 2 felonies.

¶ 24       Defendant relies on *Apprendi v. New Jersey*, 530 U.S. 466, 476 (2000) ("[A]ny fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt."), to argue that where the allegation of DUI in Franklin County case No. 18-CF-619 had not been adjudicated beyond a reasonable doubt, it could not be used to enhance the maximum sentence on her "subsequent" offense beyond the statutory maximum for a Class A misdemeanor.

¶ 25       "Waiver is the intentional relinquishment of a known right, whereas forfeiture is the failure to make a timely assertion of a known right." *People v. Bowens*, 407 Ill. App. 3d 1094, 1098, 943 N.E.2d 1249, 1256 (2011). "It is well established that a voluntary guilty plea waives all non-jurisdictional errors or irregularities, including constitutional ones." *People v. Townsell*, 209 Ill. 2d 543, 545, 809 N.E.2d 103, 104 (2004). The Illinois Supreme Court in *People v. Jackson*, 199 Ill. 2d 286, 296, 769 N.E.2d 21, 27 (2002), concluded the errors or irregularities waived by a guilty plea include sentencing claims based on *Apprendi*, 530 U.S. 466. Specifically, the supreme court found,

> "Every fact necessary to establish the range within which a
> defendant may be sentenced is an element of the crime and thus
> falls within the constitutional rights of a jury trial and proof
> beyond a reasonable doubt, made applicable to the states by the
> due process clause of the fourteenth amendment. But by pleading

guilty, a defendant *waives exactly those rights*. A knowing relinquishment of the right to a trial by jury is the *sine qua non* of a guilty plea. Thus it is clear that *Apprendi*-based sentencing objections cannot be heard on appeal from a guilty plea."

(Emphasis in original.) *Jackson*, 199 Ill. 2d at 296.

The supreme court reaffirmed this holding in *Townsell*, 209 Ill. 2d at 548.

¶ 26 We find defendant waived this claim on appeal where defendant pleaded guilty to aggravated DUI charges which alleged she previously violated section 11-501 of the Code or a similar provision on at least two prior occasions and drove a motor vehicle on a highway in Livingston County, Illinois, while under the influence of alcohol. See *Townsell*, 209 Ill. 2d at 548.

¶ 27 Defendant cites various cases to argue the State was required to prove the pending DUI allegations at sentencing. Significantly, all of the cases cited by defendant involve a defendant found guilty following a trial where the prior conviction used to enhance the offense classification was properly reserved for proof at sentencing. In relation to a guilty plea, waiver refers to the "voluntary relinquishment of a known right." *Hill v. Cowan*, 202 Ill. 2d 151, 158-59, 781 N.E.2d 1065, 1069 (2002). In this instance, defendant gave up her right to trial and instead entered a plea of guilty. "[B]y pleading guilty the defendant releases the State from proving *anything* beyond a reasonable doubt." (Emphasis in original.) *Id.* at 154. Thus, defendant gave up her right to require the State to "prove" she, on at least two prior occasions, violated the Code by driving under the influence.

¶ 28 In addition, while reciting the factual basis for the plea, the State indicated representatives from the Livingston County Sheriff's Office "would testify and identify the

[d]efendant in open court as that same individual who having previously violated the DUI statute under the [Code] on at least two prior occasions did operate a motor vehicle at a time, on a highway in Livingston County at a time when she was under the influence." When the trial court inquired about any objection to the factual basis, none was offered. Thus, by pleading guilty, defendant waived her right to require the State to "prove up" the pending DUI charge.

¶ 29    We find further support for our waiver determination when we consider how this situation came about. Defendant never challenged or objected to being sentenced in the absence of evidence of the pending DUI. As previously mentioned, the State initially sought to continue the sentencing hearing in order to present evidence regarding the pending DUI. When the matter reconvened for sentencing, defendant offered no objection to the court imposing sentence despite the continued absence of evidence regarding the pending DUI.

¶ 30                           III. CONCLUSION

¶ 31    For the foregoing reasons, we affirm the trial court's judgment.

¶ 32    Affirmed.