NOTICE

Decision filed 12/23/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 170461-U

NO. 5-17-0461

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Saline County. |
| | ) | |
| v. | ) | No. 13-CF-79 |
| | ) | |
| JAMES G. ROBERTS, | ) | Honorable |
| | ) | Todd D. Lambert, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE BARBERIS delivered the judgment of the court.
Presiding Justice Boie and Justice Welch concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court did not err in denying the defendant's motion for leave to file a successive postconviction petition, and any argument to the contrary would lack merit, and therefore the defendant's appointed appellate counsel is granted leave to withdraw, and the judgment of the circuit court is affirmed.

¶ 2    The defendant, James G. Roberts, is serving the first of two consecutive prison sentences for sex offenses against children.  He appeals from the circuit court's order denying his motion for leave to file a successive petition for relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2018)).  The defendant's appointed attorney in this appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks merit, and on that basis it has filed with this court a motion to withdraw as counsel, along with a memorandum of law in support thereof.  See *Pennsylvania v. Finley*, 481 U.S. 551 (1987).  OSAD provided the defendant

1

with a copy of its *Finley* motion and the accompanying memorandum. This court gave the defendant ample opportunity to file a written response to OSAD's motion, or a brief, etc., explaining why his appeal has merit, but the defendant has not taken advantage of that opportunity. This court has examined OSAD's *Finley* motion and memorandum, as well as the entire record on appeal, and has determined that this appeal does indeed lack merit.

¶ 3                                                    BACKGROUND

¶ 4     In March 2013, the State filed a four-count information against the defendant. Counts I and II charged the defendant with predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2012)), a Class X felony. Counts III and IV charged the defendant with aggravated criminal sexual abuse (*id.* § 11-1.60(c)(1)(i)), a Class 2 felony. A young girl, I.D., was the named victim in counts I, II, and III. A young boy, S.D., was the named victim in count IV.

¶ 5     On August 7, 2014, the defendant, defense counsel, and a prosecutor appeared before the circuit court. The prosecutor and defense counsel informed the court that the parties had reached a plea agreement pursuant to which the defendant would plead guilty to predatory criminal sexual assault of a child, as charged in count II, and aggravated criminal sexual abuse, as charged in count IV, while counts I and III would be dismissed, and on count II the defendant would be sentenced to imprisonment for a term of 11 years, to be followed by mandatory supervised release (MSR) for a term of three years to natural life, and on count IV he would be sentenced to imprisonment for three years, to be followed by MSR for two years, with the prison terms to be served consecutively, plus he would pay a fine of $11,548 and various statutorily-mandated financial obligations. In addition, the defendant would plead guilty to one felony sex offense in a separate case, Saline County case number 13-CF-86, for an agreed-upon sentence, and the charge(s) in a third case, Saline County case number 13-CF-144, would be dismissed.

2

¶ 6      After hearing the terms of the parties' plea agreement, the circuit court admonished the defendant as to the nature of the charges and the possible penalties, and the defendant indicated his understanding. The court admonished the defendant as to his right to plead guilty or not guilty, his right to a trial, whether by a jury or by the court alone, his rights at trial, including the right to testify or not to testify, the presumption of innocence, and the State's burden of proof, and the defendant indicated his understanding. The defendant also indicated his understanding that a plea of guilty would serve to waive all of those rights, and he indicated that he chose to plead guilty without any threats, coercion, or intimidation, and without any promises outside the terms of the plea agreement. The State presented a factual basis for the pleas, which included admissions by the defendant to police interrogators. The defendant pleaded guilty in accordance with the plea agreement, and the court accepted the pleas, finding that they were knowing, intelligent, and voluntary. The State informed the court that the defendant did not have any prior convictions, and the court pronounced the agreed-upon sentences. Finally, the court admonished the defendant as to his right to appeal and how to preserve that right, and the defendant indicated his understanding.

¶ 7      The defendant did not file a motion to withdraw his guilty pleas. He did not file a notice of appeal from the judgment of conviction.

¶ 8      In April 2016, approximately 20 months after the guilty-plea hearing and sentencing, the defendant filed with the circuit court a motion for copies of the transcripts and the common law record in his case, explaining that he needed those items in order to prepare a petition for postconviction relief. The circuit court promptly denied the defendant's motion. In June 2016, the defendant filed a *pro se* notice of appeal from the denial order, thus initiating the appeal in *People v. Roberts*, No. 5-16-0268. This court, after noting that the notice of appeal had been filed

3

late and that it concerned a matter that was interlocutory in nature, dismissed the appeal for lack of appellate jurisdiction.

¶ 9    In July 2017, the defendant filed a *pro se* petition for postconviction relief. It was the defendant's first postconviction petition. In it, the defendant presented an assortment of claims, including this one:

"The mother of I.D. and S.D. and her parents intimidated my wife on [the] courthouse steps, while I was with [my] lawyer inside. I ask[ed] [my lawyer] to have them arrested, he informed me he didn't do that anymore. My wife was told by another attorney that [my attorney] should have arrested them. The courthouse camera has it on record."

The petition was accompanied by an affidavit from the defendant, wherein he stated that the petition's contents were true. The petition was not accompanied by any other affidavit or by any other evidence supporting the petition's allegations.

¶ 10    On July 12, 2017, the circuit court entered a written order finding that the defendant's first postconviction petition was frivolous or patently without merit. The court summarily dismissed the petition. The defendant did not appeal from the summary dismissal of his first postconviction petition.

¶ 11    In August 2017, the clerk of the circuit court file-stamped a second *pro se* postconviction petition from the defendant. (This second petition was not accompanied by a motion for leave to file a successive postconviction petition.) In this second petition, the defendant stated that he "basis [*sic*] his claim to relief under the Actual Innocence Act." However, the defendant did not mention the subject of innocence anywhere else in the petition; he did not describe any evidence indicative of actual innocence. Instead, the defendant presented these claims: that his arrest was unlawful, that he was not placed in a line-up or positively identified as the perpetrator, and that

4

counsel was ineffective for failing to challenge the unlawful arrest, for failing to challenge the sufficiency of the evidence, for failing to listen to the defendant's account of events, and for failing to formulate a defense. Also in August 2017, the circuit court entered a docket-entry order, striking the second postconviction petition on the ground that the defendant had not obtained leave of court to file a successive postconviction petition. The defendant did not file a motion to reconsider that ruling. He did not file a notice of appeal from the judgment.

¶ 12    On October 5, 2017, the defendant filed a *pro se* motion for leave to file a successive postconviction petition. The motion for leave was not accompanied by a postconviction petition. The defendant's motion for leave included these two paragraphs:

> "2. There is cause for my failure to bring the claim contained in the current petition in my previous petition, in that my lawyer was ineffective for failing to introduce a witness in my defense. Trial counsel was advised of a potential witness and failed to introduce such witness.
>
> 3. There is prejudice resulting from the failure to bring [the] claim earlier, because the claim so infects my judgment of conviction or sentence violated due process [*sic*], in that, had trial counsel introduced [the] key witness the outcome would have been different, resulting in a not guilty verdict."

Elsewhere in the motion for leave, the defendant stated that he wanted to raise a claim that the attorney who represented him in the proceedings that resulted in his conviction had provided ineffective assistance by "failing to introduce a witness in [the defendant's] defense," even though the attorney had been "advised of" the witness. The motion for leave did not identify this uncalled witness, and it did not include any description of the witness's potential testimony.

5

¶ 13    Accompanying the defendant's motion for leave to file a successive postconviction petition was the affidavit of Alice R. Roberts (Alice), wife of the defendant. Alice stated that she dropped off the defendant at the Saline County courthouse and then left to run an errand. Upon her return to the courthouse, three relatives of the complainants approached her. The three "said all kind[s] of words about how they wouldn't stay married to that no good husband of [mine]. In other words they tried to intimidate me so [I] would not testify for my husband." Alice further stated that she was her husband's "only witness," but after the courthouse incident with the complainants' three relatives, the attorney "didn't want [her] at the courthouse with [her] husband any more," for fear of another such incident. The affidavit did not describe the testimony that Alice would have given, or might have given, if she had been called as a witness at a trial or other proceeding.

¶ 14    When read in the light of Alice's affidavit, the defendant's motion for leave appeared to express a desire to raise a claim that his former attorney provided ineffective assistance in not calling the defendant's wife, Alice, as a witness. Still, neither the motion nor the affidavit described Alice's potential testimony at a trial or at any other type of proceeding.

¶ 15    On October 31, 2017, the circuit court entered a docket-entry order denying the defendant's motion for leave to file a successive postconviction petition. The court stated, *inter alia*, that the defendant had failed to show cause for not including in his first postconviction petition the claim that he sought to raise in a successive petition. The court also stated that the defendant's criticism of counsel for not calling a witness was "nonsensical" in light of the fact that the defendant pleaded guilty and no trial was held.

¶ 16    On November 27, 2017, the defendant filed a *pro se* notice of appeal, thus perfecting the instant appeal. On the defendant's motion, the circuit court appointed OSAD as appellate counsel.

6

¶ 18    This appeal is from the circuit court's order denying the defendant's motion for leave to file a successive postconviction petition.  As previously noted, the defendant's appointed attorney in this appeal, OSAD, has filed a *Finley* motion to withdraw as counsel, based upon its conclusion that this appeal lacks arguable merit.  In an accompanying memorandum of law, OSAD discusses two potential issues in this appeal, *viz.*: (1) whether the circuit court erred in denying the defendant's motion for leave to file a successive postconviction petition, and (2) whether the claim that the defendant sought to raise in a successive petition was *res judicata*.  This court will address both potential issues, after outlining the law applicable to successive postconviction petitions.

¶ 19    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)) provides a procedural mechanism through which a criminal defendant may assert that his constitutional rights were substantially violated during the proceedings that resulted in his conviction.  *Id.* § 122-1(a)(1); *People v. Pitsonbarger*, 205 Ill. 2d 444, 455 (2002).  The Act contemplates the filing of only one postconviction petition.  725 ILCS 5/122-3 (West 2018) (any constitutional claim "not raised in the original or an amended petition is waived"); *People v. Bailey*, 2017 IL 121450, ¶ 15.  A defendant may file a successive postconviction petition only if he seeks and obtains leave of the circuit court.  725 ILCS 5/122-1(f) (West 2018).  There are only two circumstances in which a circuit court may grant a defendant leave to file a successive postconviction petition, *viz.*: where the defendant establishes "cause" and "prejudice," and where he sets forth a colorable claim of actual innocence.  *People v. Edwards*, 2012 IL 111711, ¶¶ 22-23.

¶ 20    In the instant case, the defendant attempted to show cause and prejudice in his motion for leave to file a successive petition.  His motion for leave did not include a claim of actual innocence.

¶ 21 Under section 122-1(f) of the Act, a defendant may pursue a successive postconviction proceeding if he demonstrates "cause" for his failure to bring his constitutional claim in his first postconviction proceeding and also demonstrates that "prejudice" resulted from that previous failure. See 725 ILCS 5/122-1(f) (West 2018). Cause is shown by identifying some "objective factor" that "impeded" the defendant's ability to raise his claim during his first postconviction proceeding. *Id.* Prejudice is shown by demonstrating that the claimed constitutional violation "so infected the trial that the resulting conviction or sentence violated due process." *Id.* A defendant cannot obtain leave of court to file a successive petition unless he satisfies both prongs of this cause-and-prejudice test. *People v. Guerrero*, 2012 IL 112020, ¶ 15. When a court examines a motion for leave to file a successive postconviction petition, it should ascertain only whether the defendant has alleged facts that make "a *prima facie* showing of cause and prejudice." *Bailey*, 2017 IL 121450, ¶ 24.

¶ 22 OSAD's first potential issue in this appeal is whether the circuit court erred in denying the defendant's motion for leave to file a successive postconviction petition. This court's review is *de novo*. *People v. Gillespie*, 407 Ill. App. 3d 113, 124 (2010). OSAD suggests that the defendant, in his motion for leave to file a successive petition, failed to provide any meaningful or persuasive information relating to either cause or prejudice.

¶ 23 In regard to cause, the defendant penned one short paragraph in his motion for leave: "There is cause for my failure to bring the claim contained in the current petition in my previous petition, in that my lawyer was ineffective for failing to introduce a witness in my defense. Trial counsel was advised of a potential witness and failed to introduce such witness." Nothing in this short paragraph identifies any objective factor that impeded the defendant's ability to raise his claims during his first postconviction proceeding. Before the judgment of conviction was even

entered in this case, the defendant was surely aware of any failure on the part of counsel to call the defendant's wife as a witness. Therefore, there simply was no good reason for the defendant's failure to include that claim in his first postconviction petition. The defendant's failure to demonstrate cause disqualified the defendant from obtaining leave to file a successive postconviction petition, leaving the circuit court with no real choice but to deny the defendant's motion for leave.

¶ 24    In regard to prejudice, the defendant, in his motion for leave to file a successive postconviction petition, stated the following: "There is prejudice resulting from the failure to bring [the] claim earlier, because the claim so infects my judgment of conviction or sentence violated due process [*sic*], in that, had trial counsel introduced [the] key witness the outcome would have been different, resulting in a not guilty verdict." Neither the motion for leave nor the defendant's wife's affidavit, which was attached to the motion for leave, gives any hint as to what the defendant's wife's testimony would have been, or how it might have impacted a trial. Unless a court has some idea about the content of an uncalled witness's potential testimony, it has no way of knowing whether an attorney may have been ineffective for not calling that witness. Furthermore, nowhere in the motion for leave does the defendant mention a key fact about his case, namely, that he pleaded guilty, and that he pleaded guilty pursuant to a fully negotiated agreement with the State, and no trial was held in his case. The transcript of the guilty-plea hearing, summarized *supra*, clearly shows that the circuit court carefully admonished and questioned the defendant before accepting his guilty pleas. The transcript also makes plain that the defendant pleaded guilty knowingly, intelligently, and voluntarily; nothing in the transcript suggests an unknowing, unintelligent, or involuntary plea. Furthermore, as OSAD notes in the memorandum of law that accompanies its *Finley* motion, the defendant never has claimed that his

9

pleas were unknowing, unintelligent, or involuntary. His valid guilty pleas waived all nonjurisdictional errors that may have occurred prior to the plea, including counsel's alleged failure to call the defendant's wife as a witness. See *People v. Townsell*, 209 Ill. 2d 543, 545 (2004) (a voluntary guilty plea waives all nonjurisdictional errors or irregularities, including constitutional ones). The defendant failed to establish any prejudice flowing from the alleged ineffectiveness of counsel.

¶ 25    OSAD's second potential issue in this appeal is whether the ineffective-assistance claim that the defendant sought to raise in a successive petition was *res judicata*. OSAD suggests that the ineffective-assistance claim was indeed *res judicata*. In the memorandum of law accompanying its *Finley* motion, OSAD points out that the defendant's first postconviction petition, which was both filed and summarily dismissed in July 2017, included a claim that "[t]he mother of I.D. and S.D. and her parents intimidated [the defendant's] wife on [the] courthouse steps, while [the defendant] was with [his] lawyer inside," and that the defendant asked his attorney to have those people arrested, but the attorney replied that he "didn't do that anymore." This earlier claim did not state that the defendant's wife was a potential witness, or that the defendant's attorney had been advised that she was a potential witness but nevertheless did not call her as a witness, which was the claim that the defendant sought to raise in a successive petition. Therefore, this court is not prepared to agree with OSAD that the defendant's ineffective-assistance claim was adjudicated during the first postconviction proceeding and is therefore *res judicata*. However, the fact remains that the defendant could have raised his ineffective-assistance claim during his first postconviction proceeding, as noted *supra* in the discussion of cause. The ineffective-assistance claim certainly was waived. See 725 ILCS 5/122-3 (West 2018) ("Any claim of

10

substantial denial of constitutional rights not raised in the original or an amended petition is waived.").

¶ 26                                                CONCLUSION

¶ 27     For the reasons explained above, this court concludes that the circuit court did not err in denying the defendant's motion for leave to file a successive postconviction petition. Given the obvious weakness of the defendant's motion for leave, no other ruling was possible. Any argument to the contrary would lack merit. Accordingly, OSAD is granted leave to withdraw was counsel on appeal, and the judgment of the circuit court is affirmed.

¶ 28     Motion granted; judgment affirmed.

11