NOTICE

Decision filed 02/23/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 190490-U

NO. 5-19-0490

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 17-CF-1885 |
| | ) | |
| HARRY S. O'DELL, | ) | Honorable |
| | ) | Neil T. Schroeder, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE MOORE delivered the judgment of the court.
Presiding Justice Boie and Justice Welch concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Where the circuit court properly admonished defendant of his rights under Illinois Supreme Court Rule 401 (eff. July 1, 1984), postplea counsel complied with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), and the circuit court did not abuse its discretion in denying defendant's motion to vacate his guilty plea, defendant's appointed counsel is granted leave to withdraw and the judgment of the circuit court is affirmed.

¶ 2   On November 20 or 21, 2018, defendant Harry S. O'Dell pled guilty to aggravated battery (720 ILCS 5/12-3.05(a)(1) (West 2016)) in exchange for an extended-term sentence of six years' imprisonment.[1]

_____

[1]The transcript for the plea hearing indicates the hearing occurred on November 20, 2018. However, at the hearing on defendant's motion to withdraw the plea, the State asserted this hearing occurred on November 21, 2018. The electronic docket list included in the record on appeal reflects defendant pled guilty on November 21, 2018. Two orders signed by the court indicating that defendant entered his guilty plea have different dates: one order is dated November 20 and the other is dated November 21. The report of proceedings contains a document in which the court reporter states that there is no transcript from

1

¶ 3     Defendant appealed and the circuit court of Madison County appointed the Office of the State Appellate Defender (OSAD) to represent him. OSAD has concluded that this appeal lacks arguable merit and has filed a motion for leave to withdraw as appellate counsel. See *Anders v. California*, 386 U.S. 738 (1967). OSAD provided defendant with a copy of its *Anders* motion and supporting memorandum. This court gave defendant an opportunity to file a response to OSAD's motion explaining why his appeal has merit. Defendant filed a response. Having thoroughly reviewed the record on appeal, OSAD's *Anders* motion and memorandum, and defendant's response, we agree this appeal presents no issues of arguable merit. We therefore grant OSAD leave to withdraw as counsel and affirm the judgment of the circuit court.

¶ 4                                    BACKGROUND

¶ 5     Defendant was charged by indictment with home invasion, aggravated battery, and criminal trespass to a residence. The State alleged he committed the offenses while on bond in case No. 16-CF-1172, in which he had been charged by information with aggravated domestic battery.

¶ 6     In December 2017 defendant filed a *pro se* motion to dismiss his private counsel. The court granted the motion and appointed the public defender's office. On April 26, 2018, defendant filed a motion to represent himself *pro se*.

¶ 7     At a hearing on May 16, 2018, the court admonished defendant that he had the right to hire an attorney, to be appointed the public defender's office if he was indigent, or to represent himself. He indicated he understood. He stated he was 39 years old, had an associate's degree, and read, wrote, and understood English. He was not under the influence of drugs or alcohol or suffering

---

November 21, 2018, as no hearing was held that day. Nevertheless, whether the plea occurred on November 20 or 21, 2018, defendant's subsequent motion to withdraw his plea and vacate his sentence was timely filed on December 20, 2018, within 30 days of entering the plea. See Ill. S. Ct. R. 604(d) (eff. July 1, 2017) (no appeal shall be taken from a guilty plea unless defendant files motion to withdraw plea within 30 days).

from any disability preventing him from understanding the proceedings. He had received a copy of the charges against him and understood the allegations.

¶ 8    The court explained the possible penalties of the charges and defendant indicated he understood. His home invasion charge was a Class X felony punishable by 6 to 30 years' imprisonment. Aggravated battery was a Class 3 felony punishable by 2 to 5 years' imprisonment, but his criminal history qualified him for an extended term of 5 to 10 years' imprisonment followed by 1-year mandatory supervised release (MSR). Criminal trespass to a residence was a Class 4 felony punishable by one to three years' imprisonment, but he qualified for an extended term of three to six years' imprisonment.

¶ 9    The court further explained that any sentence in the instant case would be served consecutively to any sentence in case No. 16-CF-1172 as defendant was alleged to have committed the instant offenses while on bond for the 2016 offense. Defendant understood that the aggravated domestic battery charge in that case was a Class 2 felony punishable by three to seven years' imprisonment. However, the court admonished that, based on his criminal history, the court believed his offense was nonprobational and he was eligible for an extended term of 7 to 14 years' imprisonment. Further, the State alleged the aggravated domestic battery offense was defendant's third Class 2 felony, mandating Class X sentencing with a range of 6 to 30 years' imprisonment. Defendant indicated he understood.

¶ 10    The court explained the disadvantages of proceeding *pro se*, such as the requirement to adhere to technical rules and advocate opposite an experienced state's attorney. The court found that defendant freely, knowingly, and intelligently waived his right to counsel. The court noted defendant had "the requisite mental capacity" and behaved appropriately.

3

¶ 11    On July 23, 2018, defendant requested the court appoint standby counsel. The court denied his request. On July 27, 2018, he requested the court reappoint counsel, and the court appointed the public defender's office.

¶ 12    On September 27, 2018, the court held a conference pursuant to Illinois Supreme Court Rule 402(d) (eff. July 1, 2012). The parties did not reach a resolution. The court noted the State intended to proceed to trial on case No. 16-CF-1172 and repeated the possible penalties in that case. Defendant indicated he understood.

¶ 13    On October 2, 2018, defendant filed another motion to proceed *pro se*. On October 11, 2018, the court noted it previously administered the necessary admonishments and, on the last court date, reiterated the possible penalties in case No. 16-CF-1172. Defendant confirmed he was not under the influence of drugs or alcohol, had thought about the decision, and wanted to represent himself. The court granted the request.

¶ 14    On November 20 or 21, 2018, defendant requested in court to speak with the State.[2] The court noted that the parties spoke for approximately 45 minutes to an hour. The State announced defendant agreed to plead guilty in case No. 16-CF-1172 in exchange for a sentence of six years' imprisonment. Defendant also agreed to plead guilty to aggravated battery in the instant case in exchange for a sentence of six years' consecutive imprisonment and the dismissal of the other charges. The State noted it would not charge him with any offenses involving his communications with witnesses or the victim up to that date and would dismiss several outstanding misdemeanor cases.

¶ 15    Defendant confirmed that he understood the terms of the agreement. He indicated he was 40 years old, attended college, and read, wrote, and understood English. He was not under the

[2]See n.1, *supra*.

influence of drugs or alcohol and did not have a disability preventing him from understanding the proceedings. The court explained the nature of the charge in case No. 16-CF-1172 and he confirmed he understood and pled guilty. He also understood the nature of the aggravated battery charge in the instant case. But, when the court asked how he was pleading, defendant interrupted to discuss with the State whether he could plead guilty to the criminal trespass charge. Following a brief off-the-record discussion, the court indicated that the State had declined. Defendant pled guilty to aggravated battery.

¶ 16　Defendant confirmed he understood he was presumed innocent until the State proved his guilt beyond reasonable doubt and he was not required to prove anything. He understood he had the right to private or appointed counsel, to plead not guilty, to a jury or bench trial, to confront and cross-examine the State's witnesses, to call his own witnesses, and to testify. He understood he waived those rights by pleading guilty. The court stated that aggravated domestic battery in 16-CF-1172 was a Class 2 felony with a range of 3 to 7 years' imprisonment and defendant was eligible for an extended term from 7 to 14 years' imprisonment due to his criminal history. The court further stated that aggravated battery in instant case 17-CF-1885 was a Class 3 felony punishable by 2 to 5 years' imprisonment but his criminal history qualified him for an extended term from 5 to 10 years' imprisonment. The court repeated that the sentence in the instant case would run consecutively to the sentence for aggravated domestic battery. Defendant confirmed he understood he would not start serving the aggravated battery sentence until he completed the aggravated domestic battery sentence in case No. 16-CF-1172.

¶ 17　As a factual basis, the State provided its evidence in the instant case would show that, on June 16, 2017, defendant went to Rudy Williams's residence and, without lawful justification, struck him in the head, face, and body. Williams sustained bruises, lacerations, and concussion

symptoms. Defendant agreed that would be the State's evidence. Defendant further agreed to waive a presentence investigation and stipulate to his criminal history as contained in the court file, which included that he was convicted in Missouri in 2008 of second degree robbery and given a suspended sentence of five years' imprisonment.

¶ 18 Defendant denied he was forced or threatened into pleading guilty or promised anything outside the negotiations. He was pleading freely and voluntarily. The trial court found defendant understood the charge, his rights, and possible penalties, and was freely, knowingly, and voluntarily waiving his rights and pleading guilty. It found the factual basis sufficient. The court accepted defendant's plea and sentenced him to six years' imprisonment in the instant case, to be served consecutively to a term of six years' imprisonment in case No. 16-CF-1172. Defendant confirmed those were the sentences he negotiated. The court explained that if defendant wished to appeal, he had to file a motion to withdraw his plea within 30 days, and any claim of error absent from the motion would be waived on appeal.

¶ 19 On December 20, 2018, defendant filed a *pro se* motion to withdraw his guilty plea and vacate his sentence. He alleged his plea resulted from a "foggy mental state" induced by medication and the State coerced the plea through retaliation, force, the pressure of a maximum sentence, and visits from his children. He further alleged he was innocent and panicked as trial approached, having spent 18 months in jail. He also filed a motion to reduce his sentence, again alleging he was on medication and panicked as trial approached, believed he would be sentenced to six years' total imprisonment rather than six years on each case, and the State retaliated against him for proceeding *pro se*. He requested counsel be appointed.

¶ 20 The court appointed counsel, and counsel filed an amended motion to withdraw the plea and vacate judgment. Counsel argued defendant's plea was involuntary due to duress and coercion

6

and entered "under the influence of mind-altering medication." Defendant's attorneys filed certificates pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), asserting that they consulted with him to ascertain his contentions of error, examined the filed record and report of proceedings, including of the guilty plea hearing, and amended his motion as necessary to adequately present his claims.

¶ 21     The court held a hearing on November 18, 2019. Defendant testified he had been anxious as his trial approached. The morning of his plea hearing, he had snorted what he had been told was Seroquel but learned when he returned to jail was "meth laced with LSD." He had gotten the drug from a "trustee," who swept the floors, picked up trash, and moved items from prisoner to prisoner. The drug took effect quickly, but "really hit" him when he arrived at the courthouse. It caused extreme paranoia and anxiety, made him feel like he was "drowning," "outside of [himself] watching [himself]," and that everyone, including the judge, was working against him.

¶ 22     Defendant understood the beginning of the plea hearing but had a panic attack and did not remember much afterwards, including denying he was under the influence of drugs. At one point, defendant testified, the judge stated it was "like watching a car crash," and he began hallucinating about crashes, exacerbating his post-traumatic stress disorder from military service. He had felt coerced and threatened by the State and was unable to speak with his family or see his children before entering the plea. He had gone "through the motions" when the court asked if he felt threatened or coerced.

¶ 23     On cross-examination, defendant testified he did not remember the name of the trustee who gave him the drug. He had been admonished about the possible penalties he faced prior to the date of the plea hearing. He denied recalling that the State offered him a 12-year sentence, although he admitted the court may have admonished him that he was required to serve the sentences on his

7

two cases consecutively for a minimum of 12 years. He did not realize he had been sentenced to 12 years' imprisonment until he returned to jail and the drug effects subsided. However, he may have told his family in a recorded phone call from jail that he was demanding trial to "bluff" the State and "play chicken" with their 12-year offer. He did not recall interrupting the proceedings to ask the State to reconsider the negotiations.

¶ 24    The defense called Flaze Peoples, who testified he had been in jail with defendant, and they spoke every day. On the day of the plea hearing, defendant was "not in his right mind," "belligerent," and crying. Peoples observed him snort a white powder before going to court. When he returned from court, he had his head down, cried, and seemed not to care about life anymore.

¶ 25    The defense also called Diontae Vaughn, who testified he was in jail with defendant and saw him snort a white, "icy" powder the morning of the plea hearing. When defendant returned to jail, defendant was more aggressive than usual and tried to fight people.

¶ 26    The court denied defendant's motion. The court noted it had interacted with defendant extensively while he represented himself and he behaved on the date of the plea hearing the same as he had at other proceedings. He did not appear to be under the influence of drugs. The court further noted that the allegations presented at the hearing, that he was paranoid and anxious from meth, differed from the allegation in his *pro se* motion to withdraw the plea that he had a "foggy mental state" induced by medication. The court did not believe his or the other witnesses' testimony and found his plea knowing, voluntary, and intelligent.

¶ 27                                    ANALYSIS

¶ 28    OSAD has identified three issues defendant could potentially raise on appeal but concludes none of them have any arguable merit. We agree.

¶ 29    The first potential issue is whether the court properly admonished defendant of his rights pursuant to Illinois Supreme Court Rule 401 (eff. July 1, 1984) before allowing him to represent himself. The sixth amendment and the Illinois Constitution guarantee the right of self-representation. *Faretta v. California*, 422 U.S. 806, 821 (1975); *People v. Leeper*, 317 Ill. App. 3d 475, 480 (2000). A defendant may waive his right to counsel so long as the waiver is made voluntarily and intelligently. *People v. Dixon*, 366 Ill. App. 3d 848, 852 (2006).

¶ 30    Rule 401 provides that a court shall not permit waiver of the right to counsel without determining that the defendant understands (1) the nature of the charge against him; (2) the minimum and maximum possible sentences, including penalties the defendant may face due to prior convictions and consecutive sentences; and (3) he has the right to counsel or, if indigent, appointed counsel. Ill. S. Ct. R. 401(a) (eff. July 1, 1984). The circuit court must substantially comply with the rule. *People v. Wright*, 2017 IL 119561, ¶ 41. While we review whether a defendant knowingly and voluntarily waived counsel for an abuse of discretion, whether the court substantially complied with Rule 401 is a question of law we review *de novo*. *People v. Pike*, 2016 IL App (1st) 122626, ¶ 114.

¶ 31    First, by pleading guilty, defendant waived any claim of error regarding his waiver of counsel. "It is well established that a voluntary guilty plea waives all nonjurisdictional errors or irregularities, including constitutional ones." *People v. Townsell*, 209 Ill. 2d 543, 545 (2004).

¶ 32    Regardless, any such claim would lack merit. On May 16, 2018, the court considered defendant's first motion to proceed *pro se*. He denied being under the influence of drugs or alcohol. He confirmed that he had received a copy of the charge and understood the allegations against him. The court explained the possible penalties of the three charges defendant faced, including that aggravated battery was a Class 3 felony punishable by 2 to 5 years' imprisonment but his criminal

9

history qualified him for an extended term of 5 to 10 years' imprisonment. Defendant indicated he understood the possible penalties to each charge. Moreover, because the offense occurred while he was released on bond in case No. 16-CF-1172, the court stated any sentence in the instant case would be served consecutively to a sentence in that case. The court admonished him that he had the right to hire an attorney, to be appointed counsel if indigent, or to represent himself. The court then granted defendant's request to proceed *pro se*, finding his waiver of counsel knowing, intelligent, and free. Thus, the court gave the necessary admonishments on May 16, 2018. See Ill. S. Ct. R. 401(a) (eff. July 1, 1984).

¶ 33    On July 27, 2018, defendant was reappointed the public defender's office. In September 2018, the court held a Rule 402 hearing and repeated the possible penalties defendant faced in case No. 16-CF-1172. In October 2018, defendant again moved to represent himself. On October 11, 2018, the court granted his motion, stating it had previously administered the necessary admonishments and, on the previous date, had reiterated the possible penalties in the 2016 case, which was pending trial.

¶ 34    In light of this record, the court substantially complied with Rule 401. A court substantially complies with Rule 401 where the failure to provide the admonishments does not prejudice the defendant because he "was already aware" of the necessary information. *People v. Gilkey*, 263 Ill. App. 3d 706, 711 (1994). As defendant here received the necessary admonishments and indicated he understood them the first time he moved to proceed *pro se*, he was not prejudiced by the court's decision not to readminister the admonishments on his second request as he was already aware of the information. Thus, there is no issue of arguable merit on appeal that the court failed to substantially comply with Rule 401.

¶ 35    The second potential issue counsel considered raising is whether defendant's postplea counsel complied with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). That rule provides that, where an indigent defendant moves to withdraw his plea and vacate judgment, appointed counsel must file a certificate stating they consulted with the defendant, examined the court file and report of proceedings, including the entry of the guilty plea, and amended the defendant's *pro se* motion as necessary to adequately present any defects in the proceedings. *Id.* Here, defendant's two postplea attorneys filed certificates stating that they consulted with defendant to ascertain his contentions, examined the trial court file and report of proceedings, including his guilty plea, and amended his motion as necessary. Thus, they complied with the rule and this issue presents no arguable merit on appeal.

¶ 36    The third potential issue is whether the circuit court abused its discretion in denying defendant's motion to withdraw his plea. A defendant has no absolute right to withdraw his plea and bears the burden of demonstrating it is necessary. *People v. Artale*, 244 Ill. App. 3d 469, 475 (1993). He may withdraw the plea where (1) it was entered on a misapprehension of facts or law; (2) it was entered in consequence of misrepresentations by counsel, the State, or someone else in authority; (3) there is doubt of his guilt; (4) he has a defense worthy of consideration by a jury; or (5) a trial would better serve the ends of justice. *People v. Mercado*, 356 Ill. App. 3d 487, 494 (2005). In other words, he must demonstrate manifest injustice. *People v. Hughes*, 2012 IL 112817, ¶ 32. Absent an abuse of discretion, we will not disturb a court's decision regarding whether a defendant may withdraw his guilty plea. *Id.*

¶ 37    Before the court accepted defendant's guilty plea, the court admonished him as to the nature of the charges, his right to plead not guilty, his right to a trial, his attendant rights at trial, and that pleading guilty would waive those rights. See Ill. S. Ct. R. 402(a)(1), (3), (4) (eff. July 1,

11

2012) (before accepting guilty plea court must confirm defendant understands nature of charge, right to plead not guilty, and guilty plea waives right to trial). The court reiterated that aggravated battery was a Class 3 felony punishable by 2 to 5 years' imprisonment but defendant could be eligible for an extended term of 5 to 10 years' imprisonment and the sentence in the instant case would run consecutively to the sentence in case No. 16-CF-1172. The court did not repeat the State's contention that he was eligible for Class X sentencing in case No. 16-CF-1172 at 6 to 30 years' imprisonment. Nevertheless, the rule requires only substantial compliance and the court in prior proceedings confirmed defendant understood the possible penalties. The court also confirmed that defendant understood the plea agreement called for a six-year sentence in the instant case. See Ill. S. Ct. R. 402(a)(2), (b) (eff. July 1, 2012) (substantial compliance required; court must determine defendant understands minimum and maximum possible penalty, and if plea is result of agreement, court must confirm terms of agreement).

¶ 38 Further, defendant denied he had been forced, threatened, or promised anything outside the plea agreement. The court therefore concluded the plea was voluntary. See Ill. S. Ct. R. 402(b) (eff. July 1, 2012) (court must determine plea is voluntary). The State set out the factual basis for the charge, that its evidence would show defendant went to Williams's residence and struck him in the head, face, and body, causing bruises, lacerations, and concussion symptoms. The court determined the factual basis was sufficient. See Ill. S. Ct. R. 402(c) (eff. July 1, 2012) (court must determine there is factual basis for plea); 720 ILCS 5/12-3.05(a)(1) (West 2016) (a person commits aggravated battery when, in committing battery, he knowingly causes great bodily harm, permanent disability, or disfigurement); see also 720 ILCS 5/12-3(a)(1) (West 2016) (a person commits battery if he knowingly, without legal justification, harms an individual). The court therefore substantially complied with Rule 402.

12

¶ 39    Moreover, to show he entered his plea unknowingly or involuntarily due to his mental state at the time of the plea, a defendant must prove facts raising "a real, substantial and legitimate doubt as to his mental capacity." (Internal quotation marks omitted.) *People v. Bryant*, 2016 IL App (5th) 140334, ¶¶ 31-32 (defendant arguing medication impaired ability to properly enter plea was required to show he was unfit because of doubt he was mentally capable of participating in defense and cooperating with counsel). The trial court's credibility determinations regarding a defendant's allegation that he did not understand the plea proceedings are entitled to great deference as the trial court can observe the witnesses' conduct and demeanor. *People v. Glover*, 2017 IL App (4th) 160586, ¶ 28. Here, the court found defendant, Peoples, and Vaughn's testimony incredible that defendant was under the influence of drugs at the plea hearing. As the court observed, it had interacted with him extensively throughout the case, and his behavior on the date of the plea hearing was consistent with his demeanor during other proceedings.

¶ 40    Nor did defendant present evidence the State coerced or pressured him into entering the plea. He alleged in his *pro se* motion and testimony that he was coerced into pleading guilty as he was unable to talk to his family about the offered sentence or see his children. However, he admitted that, during recorded jail conversations, he may have told his family he was playing "chicken" with the State regarding their 12-year offer and "bluff[ing]" the State by demanding trial. Further, he did not present evidence that his stress rendered the entry of his plea unknowing or involuntary. See *Bryant*, 2016 IL App (5th) 140334, ¶ 34 (emotional stress does not render plea unknowing or involuntary without "credible evidence that the defendant's alleged emotional state impacted his ability to make a knowing and voluntary guilty plea"). Again, the court noted that defendant's conduct at the plea hearing comported with his conduct throughout the case, and

13

defendant denied at the plea hearing that he was coerced, pressured, or threatened into pleading guilty.

¶ 41    Accordingly, there is no meritorious argument that the court abused its discretion in denying defendant's motion to withdraw his plea.

¶ 42    In response to OSAD's *Anders* motion, defendant has filed a "Petition for Post-Conviction Relief." In that document, he disagrees with OSAD that there are no meritorious issues in his appeal. He argues that the State lied about the victim's injuries and to the grand jury, threatened witnesses, and withheld critical information in discovery. He alleges he received ineffective assistance of counsel, and the court violated due process by barring certain, unspecified evidence, not providing him an investigator or subpoenas for his witnesses, and not holding a sentencing hearing. He reiterates that he was intoxicated when he entered his guilty plea.

¶ 43    Besides his allegation that his plea was improperly entered, the issues defendant raises are waived by virtue of his guilty plea. *Townsell*, 209 Ill. 2d at 545 (voluntary guilty plea waives all nonjurisdictional errors including constitutional ones). Moreover, he was admonished that all issues not included in his motion to withdraw his plea would be waived on appeal, and none of the issues in his response, save his allegation regarding the entry of his plea, were included in his *pro se* motion to withdraw his plea or counsel's amended motion. Ill. S. Ct. R. 604(d) (eff. July 1, 2017) ("Upon appeal any issue not raised by the defendant in the motion to *** withdraw the plea of guilty and vacate the judgment shall be deemed waived."). Lastly, as discussed above, there is no issue of arguable merit that the court abused its discretion in denying his motion to withdraw his plea.

¶ 44                                    CONCLUSION

¶ 45    For the foregoing reasons, we grant OSAD's *Anders* motion for leave to withdraw as appellate counsel and affirm the judgment of the circuit court of Madison County.


¶ 46    Motion granted; judgment affirmed.