NOTICE
Decision filed 08/14/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220655-U

NO. 5-22-0655

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Macon County. |
| | ) | |
| v. | ) | No. 10-CF-1164 |
| | ) | |
| MICHAEL D. GUISE, | ) | Honorable |
| | ) | Thomas E. Griffith, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Barberis and McHaney concurred in the judgment.

**ORDER**

¶ 1     *Held*: Where defendant cannot establish cause for failing to raise the issue earlier—because he had, in fact, done so—nor prejudice because *Miller* was inapplicable to him, the circuit court properly denied defendant's motion for leave to file a successive postconviction petition. Any argument to the contrary lacks merit and therefore we grant defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2     Defendant, Michael D. Guise, appeals the circuit court's order denying leave to file a successive postconviction petition. His appointed appellate counsel, the Office of the State Appellate Defender (OSAD), concluded that a reasonably meritorious argument could not be raised to support a claim that the circuit court erred in its denial. Accordingly, OSAD filed a motion to withdraw as counsel along with a supporting memorandum. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987). OSAD notified defendant of its motion, and this court has provided him with

1

ample opportunity to respond, but no response was filed. After considering the record on appeal and OSAD's supporting brief, we agree this appeal presents no reasonably meritorious issue. Thus, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 3                                    BACKGROUND

¶ 4     On August 4, 2010, defendant was charged, by information, with four counts of first degree murder in violation of sections 9-1(a)(1) and (a)(2) of the Criminal Code of 1961 (Code) (720 ILCS 5/9-1(a)(1), (a)(2) (West 2008)) and two counts of armed robbery in violation of section 18-2(a) of the Code (*id.* § 18-2(a)) following the shooting death of Ishmael Adams on July 30, 2010. The murder counts against defendant alleged that he personally discharged a handgun, resulting in Adams's death. Defendant was 15 years old at the time of the murder.

¶ 5     On November 7, 2011, the parties presented an agreed disposition. By its terms, defendant would plead guilty to a new murder charge that eliminated the firearm enhancement and give a statement under oath at the plea hearing. In return, the State would recommend a sentence of 35 years' imprisonment and dismiss the other charges against defendant.

¶ 6     Defendant testified about a plan in which he, Bryain Young, Ryan Walker, and Jonathan Maclin robbed Adams. Following that statement, the circuit court admonished him of the newly charged offense and the possible penalties. The court also informed him of the rights he was giving up by pleading guilty. In both cases, defendant said that he understood. He expressed his desire to plead guilty and signed a jury waiver. In response to the court's questioning, defendant said that he was pleading guilty of his own free will, no one had forced or threatened him, and no one had promised him anything beyond the terms stated. After the State provided a factual basis, the court accepted the plea. The court also admonished defendant of his appeal rights.

¶ 7     On December 6, 2011, defense counsel filed a motion to withdraw the plea which provided no grounds for the requested withdrawal. Counsel explained in the motion that one of defendant's relatives called her saying that defendant wanted to withdraw his plea but provided no details. Counsel was unable to contact defendant to discuss the motion because he was still at the intake stage in the Department of Corrections. At a subsequent hearing on June 28, 2012, at which defendant was not present, counsel told the court that defendant advised her in writing that he no longer wished to pursue withdrawal of his plea, so counsel withdrew the motion.

¶ 8     On May 4, 2015, defendant filed a *pro se* postconviction petition. He alleged that his plea was coerced by his public defender, who told him that if he did not plead guilty and was found guilty after trial, he would get a natural-life sentence. Counsel repeatedly told him it would be hard to convince a jury he was innocent when his three codefendants were claiming that he killed the victim. Defendant further alleged that, although he had told his public defender that he wanted to withdraw the plea, she did not file an appropriate motion.

¶ 9     The circuit court summarily dismissed the petition. On appeal, the Fourth District affirmed, finding the record supported the conclusion that defendant voluntarily gave up his right to appeal. *People v. Guise*, 2017 IL App (4th) 150683-U, ¶ 29.

¶ 10    On November 7, 2019, defendant sought leave to file a successive postconviction petition. In the accompanying proposed petition, he alleged that: (1) his sentence violated the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11); (2) the Truth in Sentencing Act (730 ILCS 5/3-6-3(a)(2)(i) (West 2018)), as applied to him and other similarly situated juvenile defendants tried as adults, was unconstitutional because it required him to serve 100% of his sentence with no possibility for parole; and (3) his guilty plea with a 35-year sentence was unconstitutional because he was repeatedly threatened that he could get up to life in prison,

3

although new caselaw holds that a prison sentence in excess of 40 years could not be validly imposed upon a juvenile, except under limited circumstances not present in his case.

¶ 11     In support of the first issue, defendant argued that, in response to *Miller v. Alabama*, 567 U.S. 460 (2012), the legislature passed a statute changing the juvenile sentencing laws (730 ILCS 5/5-4.5-105 (West 2018)), and the circuit court, in violation of *Miller* and the new sentencing scheme, did not consider his youth and its attendant circumstances when sentencing him. With respect to his third claim, defendant argued that the case upon which he was relying, *People v. Buffer*, 2019 IL 122327, had not been decided at the time he filed his initial postconviction petition.

¶ 12     The circuit court denied the motion for leave to file. The court found defendant made an informed decision to accept a 35-year sentence, obviating the need for the court to make a sentencing decision. The court further noted that, even under the new juvenile sentencing statute, defendant could still have received a natural-life sentence had the court made certain findings. Finally, the court observed that defendant's 35-year sentence was less than the 40 years found to amount to a *de facto* life sentence. Defendant appealed and the Fourth District affirmed finding the trial court "did not fail to exercise its discretion in accepting the agreement, and defendant has therefore failed to demonstrate *Miller* [was] applicable to his case." *People v. Guise*, 2022 IL App (4th) 200093-U, ¶ 29.

¶ 13     On June 21, 2022, defendant filed a second motion requesting leave to file a successive postconviction petition, which is the subject of this appeal. He again claimed that *Miller* mandated sentencing courts consider an offender's youth and attendant characteristics before imposing a lengthy sentence. He asserted "cause" for not raising the issue sooner claiming *Miller* did not become law until after his plea was finalized. He further asserted that he suffered prejudice because

4

he was denied the benefit of an individualized sentencing hearing and his 35-year sentence amounted to a *de facto* life sentence.

¶ 14    The circuit court denied the motion, noting that defendant "ignores the fact that he entered into a fully negotiated plea agreement (which removes the need for a sentencing hearing)," and that under applicable caselaw his 35-year sentence was not a *de facto* life sentence. Defendant timely appealed.

¶ 15                                 ANALYSIS

¶ 16    OSAD contends no reasonably meritorious argument can be presented to show the circuit court erred by denying the motion for leave to file. OSAD argues that defendant cannot establish cause for failing to raise the issue sooner because both *Miller* and section 5-4.5-105 existed prior to his first and second petitions and defendant could—and actually did—raise the issue therein. Moreover, OSAD asserts defendant cannot establish prejudice because his fully negotiated guilty plea made it unnecessary for the sentencing court to consider the factors required by *Miller* and, in any event, defendant's sentence was not a *de facto* life sentence.

¶ 17    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)) provides a mechanism by which a criminal defendant may assert that the conviction resulted from a substantial denial of constitutional rights. *Id.* § 122-1(a); *People v. Delton*, 227 Ill. 2d 247, 253 (2008). "The Act contemplates the filing of only one postconviction petition and provides in section 122-3 (725 ILCS 5/122-3 (West 2014)) that '[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived.' " *People v. Bailey*, 2017 IL 121450, ¶ 15. A defendant must first obtain leave of court to file a successive petition which may be granted if the defendant demonstrates cause for the failure to bring the claim in the initial postconviction proceedings and prejudice resulting from that failure. 725 ILCS 5/122-1(f)

5

(West 2020). " '[C]ause' in this context refers to any objective factor, external to the defense, which impeded the petitioner's ability to raise a specific claim in the initial post-conviction proceeding." *People v. Pitsonbarger*, 205 Ill. 2d 444, 462 (2002). Prejudice is shown "where the defendant can show that the claimed constitutional error so infected his trial that the resulting conviction violated due process." *People v. Morgan*, 212 Ill. 2d 148, 154 (2004).

¶ 18    Here, the only "cause" defendant alleged was that *Miller* was decided after he entered his guilty plea. However, *Miller* was issued in 2012, before defendant's first and second petitions. Not only could he have raised a *Miller* issue in those pleadings, but defendant did actually raise a *Miller* claim in the second petition. Accordingly, cause cannot be shown.

¶ 19    Further, defendant's claim that *Miller* and its progeny require a sentencing court to consider a defendant's youth and attendant characteristics before imposing a lengthy sentence ignores the factual situation in the case at bar. As noted by the circuit court, defendant refused to acknowledge that his voluntary guilty plea and agreement to a specific sentence eliminated the necessity of a sentencing hearing at which time the court would have considered such factors.

¶ 20    The basis of the circuit court's conclusion is found in *People v. Jones*, 2021 IL 126432. In *Jones*, our supreme court considered whether a juvenile petitioner's guilty plea precluded him from raising a *Miller* claim. *Id.* ¶ 14. The court started its analysis noting it was well established that a defendant's " ' "voluntary guilty plea waives all non-jurisdictional errors or irregularities, *including constitutional ones*." ' " (Emphasis in original.) *Id.* ¶ 20 (quoting *People v. Sophanavong*, 2020 IL 124337, ¶ 33, quoting *People v. Townsell*, 209 Ill. 2d 543, 545 (2004)). The court held that "petitioner's knowing and voluntary guilty plea waived any constitutional challenge based on subsequent changes in the applicable law." *Id.* ¶ 26.

¶ 21 Finally, *Jones* also required the petitioner's *Miller* claims to show "that the *de facto* life sentence he received was not entered as a result of the trial court's use of its discretion." *Id*. ¶ 27. The court noted that *Miller*'s additional protections for juvenile offenders applied only when the trial court lacked, or refused to use, discretion in sentencing a juvenile offender to a life, or *de facto* life, sentence. *Id*. ¶ 28.

¶ 22 Here, defendant entered into a negotiated guilty plea. Further, as found by the appellate court in defendant's previous appeal, the trial court "did not fail to exercise its discretion in accepting the agreement." *Guise*, 2022 IL App (4th) 200093-U, ¶ 29. Thus, defendant's *Miller* claim is foreclosed. However, even if the *Miller* claim was not precluded for these reasons, *Miller* is inapplicable because defendant's 35-year sentence is below the 40-year threshold held to constitute a *de facto* life sentence. See *People v. Buffer*, 2019 IL 122327, ¶ 41.

¶ 23                                          CONCLUSION

¶ 24 As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.


¶ 25 Motion granted; judgment affirmed.